DORD
*v.*
BONNAFFEE.

---

## Widow Uzee *v.* P. S. Biron.

6 565
51 605

*The allowance, in mortuary proceedings, of a fee to an attorney, which had not been paid, is contrary to the 71st article of the Constitution ; but an attorney is entitled to recover his fee upon proof of a contract, or on a* quantum meruit.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Michel,* for plaintiff. *C. Roselius,* for defendant. The judgment of the court was pronounced by

PRESTON, J. The defendant was employed by the plaintiff as her attorney, to settle the succession of her deceased husband. She was the surviving widow, with one minor child. He was placed, on the account she rendered, as a privileged creditor for six hundred dollars. The account was homologated by judgment, and the plaintiff has issued execution for four hundred dollars; admitting the receipt of two hundred dollars on account. The plaintiff has enjoined the judgment as a nullity, because, so far as it made an allowance to the defendant, as unpaid compensation for his professional services, it was rendered in violation of the 71st article of the Constitution. The article provides, that "no court or judge shall make any allowance, by way of fee or compensation, in any suit or proceedings, except for the payment of such fees to ministerial officers as may be established by law."

The allowance, by judgment, in the mortuary proceedings, of compensation not paid, but to be paid, was clearly prohibited by the Constitution. 1st Ann. 21, 206, 224.

The defendant contends, that the plaintiff consented to the judgment of homologation, and might waive her constitutional right to oppose the allowance. Then, the case would stand before us on contract, or the demand of a reasonable compensation for his services. The evidence satisfies us, that so far from there being a contract, there was a misunderstanding between the parties.

As to the value of the defendant's services, we concur with the district judge, that the two hundred dollars paid was a reasonable compensation. The deceased left an estate of about $10,000. His debts, principally for medical services and funeral expenses, did not exceed a thousand dollars. There was no dispute or litigation about them, or any thing else in relation to the estate. The statement of the widow's dotal and paraphernal claims, in the account of her administra-

tion, was well enough, but immaterial, and is not binding upon her child, as it was not approved contradictorily with the under-tutor. There was neither intricacy nor litigation in the administration of the succession; and we are unable to say, therefore, that two hundred dollars was not a fair compensation for the defendant's professional services.

The judgment of the district court is therefore affirmed, with costs.

SLIDELL, J., dissented; not being satisfied that an action of nullity would lie; at least, to the extent of annulling the entire judgment, and beyond the minor's interest in the matter; being also of opinion, that the proof of fraud was not clear.